_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

MAR 1 7 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARL MICHAEL DELLA VELLA,   )
                               )
           Plaintiff,        )
                               )
       v.                   )
                               )
WASHOE COUNTY, et al.      )
                               )
          Defendants.     )
                               )

3:10-cv-00527-RCJ-VPC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

March 16, 2011

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#7)[1] and his civil rights complaint (#1-1). In his application and financial affidavit, plaintiff indicates he does not presently have a job or monthly income (#7, p. 1). Plaintiff claims that his monthly expenses total $0. *Id.* at 3. Based upon the foregoing, the court grants plaintiff's application to proceed *in forma pauperis*. The court now screens plaintiff's complaint pursuant to 28 U.S.C. § 1915.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Carl Michael Della Vella ("plaintiff"), a *pro se* litigant, brings his complaint pursuant to 42 U.S.C. § 1983, alleging that defendants failed to provide him with a notice to appear in court, resulting in a warrantless arrest and search at his workplace. *Id.* at 4-6. Plaintiff sues Washoe County, as the "final authority and employer of other defendants;" John Doe #1, the arresting Reno Police Department officer; John Doe #2, the court clerk; and John Doe #3, the Washoe County Sheriff responsible for "administering munciple [sic] policy." *Id.* at 2. Plaintiff sues all defendants in their individual and official capacities. *Id.*

Specifically, plaintiff claims in count one that defendant John Doe #1 "searched [his] body

_____

[1]     Refers to the court's docket numbers.

1  without a warrant on hand and questioned [him] without reading [his] Miranda rights." *Id.* at 4.

2  Plaintiff states further that defendant John Doe #1 held him for forty-five minutes while he

3  confirmed that there was a warrant for his arrest. *Id.* Plaintiff believes that "Washoe County, John

4  Doe #2, and John Doe #3 by their combination of municiple [sic] policy and neglect of ministerial

5  actions were the driving force behind"defendant John Doe #1's Fourth Amendment violations. *Id.*

6       In count two, plaintiff states that defendants Washoe County, John Doe #2, and John Doe #3

7  "violated [his] 5th Amendment by actions that deprived me of my life, liberty, and property without

8  due process of law." *Id.* at 5. Plaintiff explains that these defendants "were responsible for

9  municiple [sic] policy between county and W.S.C.O. wich [sic] was deliberately indifferent than

10  similarly situated 'released persons.'" *Id.* Further, plaintiff notes that defendants Washoe County,

11  John Doe #2 and John Doe #3 caused deprivation of his rights "[d]ue to negligent and incompetent

12  responsibility of ministerial action," presumably the failure to provide him with a notice to appear.

13  *Id.* Plaintiff restates again defendant John Doe #1's actions, described in count one, in count two.

14  *Id.*

15       In count three, plaintiff says that defendant John Doe #2 "violated [his] Equal Protections

16  [sic] Clause of [his] 14th Amendment by not notifying [him], the public defenders [sic] office, or bail

17  bondsman of court date, similarly situated persons are notified of 'notice to appear.'" *Id.* at 6. He

18  also claims that defendants Washoe County and John Doe #3 violated his equal protection and due

19  process rights by releasing him from custody without a court date because he believes similarly

20  situated people are provided such information upon release. *Id.* Finally, he believes John Doe #1

21  also violated his equal protection and due process rights "in that similarly situated persons would

22  of had a warrant before searching or coming on property and read Miranda warning." *Id.*

23                            **II. DISCUSSION & ANALYSIS**

24  **A.**     **Discussion**

25       **1.**     **Screening Standard**

26       Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides

27  that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal

28  (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks

1 | monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-

2 | (iii). "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct

3 | complained of was committed by a person acting under color of state law; and (2) that the conduct

4 | deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583,

5 | 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).

6 | Dismissal of a complaint for failure to state a claim upon which relief may be granted is

7 | provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard

8 | under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

9 | Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp.*

10 | *of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only

11 | if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle

12 | him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this

13 | determination, the court takes as true all allegations of material fact stated in the complaint, and the

14 | court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74

15 | F.3d 955, 957 (9th Cir. 1996). Allegations in *pro se* complaints are held to less stringent standards

16 | than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v.*

17 | *Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901

18 | F.2d 696, 699 (9th Cir. 1990). While the standard under Rule 12(b)(6) does not require detailed

19 | factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic*

20 | *Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a

21 | cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

22 | Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

23 | because they are no more than mere conclusions, are not entitled to the assumption of truth."

24 | *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework

25 | of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded

26 | factual allegations, a court should assume their veracity and then determine whether they plausibly

27 | give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim

28 | for relief [is] a context-specific task that requires the reviewing court to draw on its judicial

1    experience and common sense." *Id.*

2    **B.    Analysis**

3      Plaintiff alleges violations of his Fourth, Fifth, and Fourteenth Amendment equal protection

4    and due process rights (#1-1). While deciphering the complaint presents some challenges for the

5    court, the gravamen of plaintiff's complaint is that he was released from custody on bail, without

6    notice of his court date. *Id.* at 3. Plaintiff attributes this error to defendants Washoe County, John

7    Doe #2, and John Doe #3, and says that their actions resulted in violation of his Fifth and Fourteenth

8    Amendment due process rights and caused the subsequent violation by defendant John Doe #1 of

9    his Fourth Amendment rights. *Id.* at 5. Plaintiff also notes that by not providing him with a court

10   date he was treated differently than other released individuals, thus violating his Fourteenth

11   Amendment equal protection rights. *Id.* at 6.

12     Following plaintiff's release, defendant John Doe #1 later arrested plaintiff for failure to

13   appear in court. *Id.* at 4. Plaintiff's primary complaint about the arrest is that the officer did not

14   have the warrant with him, though he was able to confirm that there was a warrant for plaintiff's

15   arrest, and that the officer did not read plaintiff his *Miranda* rights. *Id.* Plaintiff states that these acts

16   violated his Fourth, Fifth, and Fourteenth Amendment rights. *Id.* at 4-6.

17     **1.    Defendants**

18       **a.    Official Capacity Suits**

19     Plaintiff brings suit against defendants in their official and individual capacities. The claims

20   against these defendants in their official capacities are actually suits against the entity of which the

21   named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the

22   government entity receives notice and an opportunity to respond, an official-capacity suit is, in all

23   respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real party in

24   interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any

25   damages. *Id.* Thus, the official capacity claims against defendants John Doe #2 and John Doe #3

26   are properly considered claims against the entity they serve, which is also named in this lawsuit -

27   defendant Washoe County. Official capacity suits against defendants John Doe #2 and John Doe #3

28   are duplicative and the court recommends that they be dismissed with prejudice, as an opportunity

1    to replead these claims would not cure this deficiency.

2    Plaintiff states that defendant Washoe County is the employer of all other defendants;

3    however, he also identifies John Doe #1 as a Reno Police Officer. The court notes that Reno Police

4    Officers are employees of the City of Reno, not Washoe County. Though plaintiff sues defendant

5    John Doe #1 in his personal and official capacities, plaintiff does not allege any facts implicating the

6    City of Reno in John Doe #1's purported violations of plaintiff's rights. Therefore, the official

7    capacity suit against defendant John Doe #1 is dismissed with prejudice.

8    Finally, plaintiff's claims against Washoe County in its personal capacity are dismissed with

9    prejudice, as such claims are not viable.

10   **2.    Claims**

11   **a.    Municipal Liability**

12   *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), held that municipalities are "persons"

13   subject to damages liability under Section 1983 where "action pursuant to official municipal policy

14   of some nature cause[s] a constitutional tort." *Id.* at 691. The Court emphasized that the

15   municipality itself must cause the constitutional deprivation, and that a city or county may not be

16   held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat

17   superior. *Id.* Claims for municipal liability under Section 1983 can be "based on nothing more than

18   bare allegation that the individual officers' conduct conformed to official policy, custom, or

19   practice." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).

20   Plaintiff names Washoe County as a defendant in the instant dispute. While defendant

21   Washoe County cannot be held vicariously liable for the actions of defendants John Doe #2 or John

22   Doe #3, its employees, it can be held liable for any deprivations it caused directly through employee

23   implementation of its policies. The essence of plaintiff's complaint seems to be that the

24   "combination of municiple [sic] policy and neglect of ministerial actions" caused constitutional

25   violations against plaintiff. Based on this and other vague statements, the court is unclear as to what

26   type of policy plaintiff is referencing. Further, plaintiff seems to suggest at the same time that there

27   may be a policy which resulted in failure to provide him with a court date upon his release, and that

28   negligent failure to follow procedure resulted in his not receiving a court date upon release. While

5

1  a bare allegation that a defendant's actions conform to a policy is sufficient to state a claim for

2  municipal liability, the court cannot determine based on plaintiff's sparse, conclusory statements

3  whether plaintiff believes the County has a policy of providing court dates that its employees did not

4  follow, or if the County has a policy of not providing court dates to released individuals to which its

5  employees complied. This distinction is important to determine whether the County could be liable

6  for the actions of its employees, which were taken pursuant to a county policy and that resulted in

7  deprivation of plaintiff's constitutional rights. Therefore, the court recommends that plaintiff's

8  claims for municipal liability against Washoe County be dismissed without prejudice and with leave

9  to amend according to the guidance provided in this Report and Recommendation.

10                      **b.      Fourth Amendment**

11       The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST.

12  amend. IV. "Courts have long held that the Fourth Amendment requires probable cause before an

13  officer can arrest an individual." *Grant v. City of Long Beach*, 315 F.3d 1081, 1089 (9th Cir. 2002).

14  Additionally, "the Fourth Amendment requires the States to provide a fair and reliable determination

15  of probable cause as a condition for any pretrial restraint of liberty. The probable-cause

16  determination 'must be made by a judicial officer either before or promptly after arrest.'" *Baker v.*

17  *McCollan*, 443 U.S. 137, 142 (1979)(internal citations omitted).

18       Plaintiff was arrested pursuant to a warrant for failure to appear in court. Plaintiff does not

19  allege that this warrant was not valid; rather, plaintiff's complaint seems to be that the officer did

20  not have actual possession of the warrant at the time of plaintiff's arrest. However, even if an arrest

21  is warrantless, which this arrest was not, it does not violate a person's Fourth Amendment rights if

22  officers had probable cause to believe the person had committed or was about to commit a crime.

23  *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998). Plaintiff does not question whether defendant

24  John Doe #1 had probable cause prior to the arrest. Therefore, defendant John Doe #1 did not

25  violate plaintiff's Fourth Amendment rights when he arrested him pursuant to a valid arrest warrant

26  and with probable cause. Plaintiff's Fourth Amendment claim against defendant John Doe #1 is

27  dismissed with prejudice, as an opportunity to replead this claim would not cure its deficiencies.

28       Plaintiff also claims that defendants Washoe County, John Doe #2, and John Doe #3 caused

6

1   the warrantless search and arrest of plaintiff in violation of his Fourth Amendment rights. As the

2   court does not find the arrest or search to be a violation of plaintiff's constitutional rights, it follows

3   that defendants Washoe County, John Doe #2, and John Doe #3 did not cause any such violation of

4   plaintiff's rights. Additionally, it is unclear what actions these defendants took that could have

5   resulted in an unlawful arrest. Therefore, plaintiff's Fourth Amendment claims against defendants

6   Washoe County, John Doe #2, and John Doe #3 are dismissed with prejudice, as an opportunity to

7   replead these claim would not cure their deficiencies. Additionally, to the extent that plaintiff's

8   alleges he was detained unlawfully while defendant John Doe #1 confirmed the warrant for his

9   arrest, such a claim is also dismissed with prejudice.

10                          c.       **Fifth Amendment**

11          Plaintiff claims that defendants violated his due process rights under the Fifth Amendment.

12   "The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply

13   only to actions of the federal government – not to those of state or local governments." *Lee v. City*

14   *of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227

15   (1981)). Plaintiff does not allege that any of the defendants are federal actors. Accordingly, the court

16   holds that plaintiff has failed to state a claim alleging a violation of the Fifth Amendment. The court

17   will address plaintiff's due process complaints under the Fourteenth Amendment.

18          Plaintiff also states that defendant John Doe #1 violated his rights by not reading him his

19   *Miranda* rights. Failure to administer *Miranda* warnings is not itself a violation of the Fifth

20   Amendment. *See New York v. Quarles*, 467 U.S. 649, 654 (1983). In fact, in *Miranda* the Court

21   disclaimed any intent to create a "constitutional straightjacket" and invited Congress and the States

22   to suggest "potential alternatives for protecting the privilege." *Miranda v. Arizona*, 384 U.S. 436,

23   467 (1966). Because it was not a constitutional violation under the Fifth Amendment for defendants

24   to fail to advise plaintiff of his *Miranda* rights, a remedy under Section 1983 is not available to

25   plaintiff for these claims. Therefore, plaintiff's Fifth Amendment claims are dismissed with

26   prejudice, as an opportunity to replead these claims would not cure the deficiencies.

27                          d.       **Fourteenth Amendment - Due Process**

28          The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary

7

1  government action by prohibiting states from depriving people of "life, liberty, or property without

2  due process of law." U.S. Const. amend. XIV.  In order to prevail on a claim of deprivation of

3  liberty without due process of law, a plaintiff must first establish the existence of a liberty interest.

4  After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed

5  to provide the process due.  *Wolff v. McDonnell*, 418 U.S. 539 (1974).  When a procedural due

6  process claim contests the adequacy of notice, the court must determine if the plaintiff received

7  "notice reasonably calculated, under all the circumstances, to apprise interested parties of the

8  pendency of the [proceeding] and afford them an opportunity to present their objection." *Mullane*

9  *v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

10         Plaintiff's complaint is that defendants Washoe County, John Doe #2, and John Doe #3 all

11  failed to provide him with a notice to appear in court at the time of his release on bail or

12  subsequently when he repeatedly called to determine his court date.  As a result, defendant John Doe

13  #1 arrested plaintiff at his workplace.  Accepting plaintiff's allegations as true, the court finds that

14  he states a claim for a procedural due process violation for failure to provide him with notice of his

15  court appearance.  However, plaintiff's claims against Washoe County were dismissed above for

16  failure to state municipal liability claims; likewise, an entity such as Washoe County would not be

17  responsible for serving plaintiff with notice.  Further, defendant John Doe #1 would also not be

18  responsible as the arresting officer for the alleged failure to serve plaintiff with a notice to appear

19  in court. Rather, plaintiff's Fourteenth Amendment due process claims against defendants John Doe

20  #2 and John Doe #3 for failure to provide notice of his court appearance may advance.

21                    **e.        Fourteenth Amendment - Equal Protection**

22         To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the

23  defendant acted with an intent or purpose to discriminate against him based upon his membership

24  in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  "Intentional

25  discrimination means that a defendant acted at least in part because of a plaintiff's protected status."

26  *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original) (citation

27  omitted).

28         Plaintiff alleges that defendants violated his Equal Protection rights by treating him

1  differently than other similarly situated individuals. Other than these comments, plaintiff does not

2  state that he is a member of a protected class, nor does plaintiff allege any specific facts to suggest

3  that defendants "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194.

4  Therefore, the court recommends that plaintiff's equal protection claims against all defendants be

5  dismissed without prejudice and with leave to amend according to the guidance provided in this

6  Report and Recommendation.

### III.  CONCLUSION

8        Based on the foregoing and for good cause appearing, the court recommends that plaintiff's

9  application to proceed *in forma pauperis* be granted, that plaintiff's Fourteenth Amendment due

10  process claim against defendants John Doe #2 and John Doe #3 for failure to provide notice of his

11  court appearance advance, and that his remaining claims be dismissed in accordance with the

12  guidance provided in this Report and Recommendation. The parties are advised:

13        1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

14  the parties may file specific written objections to this Report and Recommendation within fourteen

15  days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

16  Recommendation" and should be accompanied by points and authorities for consideration by the

17  District Court.

18        2.     This Report and Recommendation is not an appealable order and any notice of appeal

19  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

21        **IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma*

22  *pauperis* be **GRANTED**.

23        **IT IS FURTHER RECOMMENDED** that plaintiff's Fourteenth Amendment due process

24  claims against defendants John Doe #2 and John Doe #3 for failure to provide notice of his court

25  appearance **ADVANCE**.

26  ///

27  ///

28  ///

9

1    **IT IS FURTHER RECOMMENDED** that the following claims in plaintiff's complaint (#1-

2    1) be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** according to the

3    guidance provided in this Report and Recommendation:

4        1) Municipal liability claims against defendant Washoe County; and

5        2) Plaintiff's Fourteenth Amendment equal protection claims against all defendants.

6        **IT IS FURTHER RECOMMENDED** that the following claims in plaintiff's (#1-1)

7    complaint be **DISMISSED WITH PREJUDICE** for the reasoning articulated in this Report and

8    Recommendation:

9        1) Official capacity suits against defendants John Doe #1, John Doe #2, and John Doe #3;

10       2) Personal capacity suit against defendant Washoe County;

11       3) Plaintiff's Fourth Amendment claims against all defendants; and

12       4) Plaintiff's Fifth Amendment claims against all defendants;

13   **DATED:** March 16, 2011.

14

15   _____

16           **UNITED STATES MAGISTRATE JUDGE**

17

18

19

20

21

22

23

24

25

26

27

28