UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CARL MICHAEL DELLA VELLA,          )
                                   )
      Plaintiff,                   )
                                   )       3:10-cv-00527-RCJ-VPC
      v.                           )
                                   )
WASHOE COUNTY et al.,              )       **ORDER**
                                   )
      Defendants.                  )
_____)

      This 42 U.S.C. § 1983 case arises out of an arrest for failure to appear in state court. Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R"). The Magistrate Judge has recommended that the Court grant the application to proceed *in forma pauperis* and dismiss the Complaint in part under 28 U.S.C. § 1915. For the reasons given herein, the Court accepts the R&R in part and rejects it in part, grants the application to proceed *in forma pauperis*, and dismisses the Complaint.

**I.    FACTS AND PROCEDURAL HISTORY**

      Plaintiff Carl Michael Della Vella alleges Defendants failed to provide him with a notice to appear in state court, resulting in an arrest and search at his workplace. Plaintiff sued Washoe County, as the "final authority and employer of other defendants"; John Doe #1, the arresting Reno Police Department officer; John Doe #2, the court clerk; and John Doe #3, the Washoe County Sheriff responsible for "administering muncple [sic] policy." Plaintiff sues all defendants in their individual and official capacities.

      Plaintiff alleges in count one that defendant John Doe #1 "searched [his] body without a warrant on hand and questioned [him] without reading [his] Miranda rights" and held him for forty-five minutes while he confirmed that there was a warrant for his arrest.

      In count two, Plaintiff alleges Washoe County, John Doe #2, and John Doe #3 "violated [his] 5th Amendment by actions that deprived me of my life, liberty, and property without due process of law" because they "were responsible for municiple [sic] policy between county and

1  W.S.C.O. wich [sic] was deliberately indifferent than similarly situated 'released persons.'"
2  Plaintiff alleges that Washoe County, John Doe #2 and John Doe #3 caused deprivation of his
3  rights "[d]ue to negligent and incompetent responsibility of ministerial action," presumably the
4  failure to provide him with a notice to appear.
5      In count three, Plaintiff alleges John Doe #2 "violated [his] Equal Protections [sic] Clause
6  of [his] 14th Amendment by not notifying [him], the public defenders [sic] office, or bail
7  bondsman of court date, similarly situated persons are notified of 'notice to appear.'"  He also
8  alleges Washoe County and John Doe #3 violated his equal protection and due process rights by
9  releasing him from custody without a court date because he believes similarly situated people are
10 provided such information upon release.  Finally, he alleges John Doe #1 violated his equal
11 protection and due process rights "in that similarly situated persons would of had a warrant
12 before searching or coming on property and read Miranda warning."
13 **II.   LEGAL STANDARDS**
14     Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which
15 provides that "the court shall dismiss the case at any time if the court determines that . . . the
16 action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be
17 granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28
18 U.S.C. § 1915(e)(2)(B)(i)-(iii).  "To sustain an action under Section 1983, a plaintiff must show
19 (1) that the conduct complained of was committed by a person acting under color of state law;
20 and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood*
21 *v. Ostrader,* 879 F.2d 583, 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).
22     A court applies the same standards under § 1915(e)(2) as under Federal Rule of Civil
23 Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the
24 pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is
25 and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of
26 Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim
27 upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's
28 sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When

considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

Plaintiff alleges violations of his Fourth, Fifth, and Fourteenth Amendment equal protection and due process rights. Plaintiff appears to allege he was released from custody on bail, but without notice of his court date. Plaintiff attributes this alleged error to Washoe County,

3

John Doe #2, and John Doe #3, and argues that their actions resulted in violations of his Fifth and Fourteenth Amendment due process rights because it caused the subsequent violation by John Doe #1 of his Fourth Amendment rights, i.e., his arrest for failure to appear. Plaintiff also argues that by not providing him with a court date, he was treated differently than other released individuals, thus violating his Fourteenth Amendment equal protection rights. Plaintiff's primary complaint about the arrest itself is that the officer did not have the warrant with him, though he was able to confirm that there was a warrant for Plaintiff's arrest, and that the officer did not read plaintiff his *Miranda* rights. Plaintiff states that these acts violated his Fourth, Fifth, and Fourteenth Amendment rights.

### A. Defendants

Plaintiff brings suit against defendants in their official and individual capacities. The claims against these defendants in their official capacities are actually suits against the entity of which the named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real party in interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id.* The official capacity claims against defendants John Doe #2 and John Doe #3 are properly considered claims against the entity they serve: Washoe County. The Court therefore dismisses the official capacity suits against defendants John Doe #2 and John Doe #3 with prejudice..

Plaintiff alleges that Washoe County is the employer of all other Defendants; however, he also identifies John Doe #1 as a Reno Police Officer, but Reno Police Officers are employees of the City of Reno, not of Washoe County. Though Plaintiff sues John Doe #1 in his personal and official capacities, Plaintiff does not allege any facts implicating the City of Reno in John Doe #1's purported violations of plaintiff's rights. Therefore, the official capacity suit against defendant John Doe #1 is also dismissed with prejudice.

Finally, Plaintiff's claims against Washoe County in its individual capacity are dismissed with prejudice, as Washoe County exists only in an official capacity.

4

**B.     Claims**

**1.     Municipal Liability**

In *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities are "persons" subject to damages liability under § 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." *Id.* at 691. The Court emphasized that the municipality itself must cause the constitutional deprivation, and that a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Id.* Claims for municipal liability under § 1983 can be "based on nothing more than bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).

While Washoe County cannot be held vicariously liable for the actions of John Doe #2 or John Doe #3, it could potentially be held liable for any deprivations it caused directly through employees' implementation of its policies. Plaintiff alleges the "combination of municiple [sic] policy and neglect of ministerial actions" caused constitutional violations. Plaintiff does not sufficiently allege that there is any policy of purposely failing to notify persons of their court dates for the purpose of arresting them for failure to appear. But even if he could so allege, Plaintiffs' *Monell* claims against Washoe County are dismissed with prejudice, in any case, because there was simply no underlying constitutional violation, *see infra*.

**2.     Fourth Amendment**

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "Courts have long held that the Fourth Amendment requires probable cause before an officer can arrest an individual." *Grant v. City of Long Beach*, 315 F.3d 1081, 1089 (9th Cir. 2002). Additionally, "the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any pretrial restraint of liberty. The probable-cause determination 'must be made by a judicial officer either before or promptly after arrest.'" *Baker v. McCollan*, 443 U.S. 137, 142 (1979) (citations omitted).

Plaintiff was arrested pursuant to a warrant for failure to appear in court. Plaintiff does

5

1  not allege that the warrant was invalid, and this is fatal to his Fourth Amendment claim.
2  Plaintiff's complaint seems to be that the officer did not have actual possession of the warrant at
3  the time of Plaintiff's arrest, which is not a constitutional requirement.  Plaintiff's Fourth
4  Amendment claim against John Doe #1 is therefore dismissed with prejudice.

5  Plaintiff also alleges that Washoe County, John Doe #2, and John Doe #3 caused a
6  warrantless search and arrest of Plaintiff in violation of his Fourth Amendment rights.  Because
7  the arrest was valid, however, the search incident to the arrest was also valid, and Plaintiff's
8  Fourth Amendment claims against defendants Washoe County, John Doe #2, and John Doe #3
9  are dismissed with prejudice.

10  **3.  Fifth Amendment**

11  Plaintiff alleges that Defendants violated his due process rights under the Fifth
12  Amendment.  "The Due Process Clause of the Fifth Amendment and the equal protection
13  component thereof apply only to actions of the federal government – not to those of state or local
14  governments." *Lee v. City of L.A.*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*,
15  450 U.S. 221, 227 (1981)).  Plaintiff does not allege that any Defendant is a federal actor.
16  Accordingly, Plaintiff has failed to state a claim alleging a violation of the Fifth Amendment.
17  The court will address Plaintiff's due process complaints under the Fourteenth Amendment,
18  which is applicable to state actors.

19  Plaintiff alleges John Doe #1 violated his rights by not reading him his *Miranda* rights.
20  Failure to administer *Miranda* warnings is not itself a violation of the Fifth Amendment. *See*
21  *New York v. Quarles*, 467 U.S. 649, 654 (1983).  In fact, in *Miranda* the Court disclaimed any
22  intent to create a "constitutional straightjacket" and invited Congress and the States to suggest
23  "potential alternatives for protecting the privilege." *Miranda v. Arizona*, 384 U.S. 436, 467
24  (1966).  The *Miranda* line of cases simply prevents the use of statements by a defendant against
25  him in a criminal case made while he is in custody, unless he has been informed of his *Miranda*
26  rights and waived them.  Because it was not a constitutional violation under the Fifth
27  Amendment to fail to advise an detainee of his *Miranda* rights in and of itself, a remedy under
28  § 1983 is not available here, and the Fifth Amendment claims are dismissed with prejudice.

6

      **4.**      **Fourteenth Amendment - Due Process**

The Due Process Clause of the Fourteenth Amendment protects individuals from arbitrary government action by prohibiting states from depriving people of "life, liberty, or property without due process of law." U.S. Const. amend. XIV. In order to prevail on a claim of deprivation of liberty without due process of law, a plaintiff must first establish the existence of a liberty interest. After meeting this threshold requirement, the plaintiff must then demonstrate that defendants failed to provide the process due. *Wolff v. McDonnell*, 418 U.S. 539 (1974). When a procedural due process claim contests the adequacy of notice, the court must determine if the plaintiff received "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [proceeding] and afford them an opportunity to present their objection." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiff alleges Washoe County, John Doe #2, and John Doe #3 all failed to provide him with a notice to appear in court at the time of his release on bail or subsequently when he repeatedly called to determine his court date. As a result, defendant John Doe #1 arrested Plaintiff at his workplace after he failed to appear. The Court dismisses the claim with prejudice under the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine prohibits "state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced" from filing claims in federal court that essentially ask the federal district court to review and reject the state court decision. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If the plaintiff brings a forbidden de facto appeal, the federal court must dismiss the forbidden appeal and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Here, a finding for Plaintiff that he did not receive proper notice of his court date would vitiate the state court's ruling that Plaintiff failed to appear without cause. Plaintiff cannot collaterally attack the state court ruling that he failed to appear without cause via a § 1983 action. He must appeal the state court ruling in the state courts, and then to the United States Supreme Court, if he can.

///

### 5. Fourteenth Amendment - Equal Protection

To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original) (citation omitted).

Plaintiff alleges that Defendants violated his equal protection rights by treating him differently from others similarly situated. Plaintiff does not specify any protected class or allege any facts to suggest that defendants "acted with an intent or purpose to discriminate." *Barren*, 152 F.3d at 1194. The Court dismisses plaintiff's equal protection claims with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that the Application to Proceed In Forma Pauperis (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall file the Complaint.

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 8) is ADOPTED IN PART and REJECTED IN PART, and the Complaint is DISMISSED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: This 25th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge